**Internal Revenue Service**
**Small Business and Self-Employed**
24000 Avila Road, Stop 5916
Laguna Niguel, CA 92677-3405

**Department of the Treasury**

Date: SEP 1 2 2016

**Taxpayer Identification Number:**

**Kind of Tax:**
Income

JEFFREY A & KATHERINE M HARPER
14130 BISCAYNE PL
POWAY CA 92064-6640

| Tax Period(s) Ended: | Amount of Claim: |
|---|---|
| December 31, 2008 | $328,578.00 |
| December 31, 2010 | $417,434.00 |

**Date Claim Received:**
July 30, 2012 and June 30, 2014

**Person to Contact:**
T. Kuntz

**Contact Telephone Number:**
(949) 389-4515

**Employee Identification Number:**
0246158

Dear JEFFREY A & KATHERINE M HARPER:

We are sorry, but we cannot allow your claim for an adjustment to your tax, for the reasons stated below. This letter is your legal notice that we have fully disallowed your claim.

If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a *Waiver of Statutory Notification of Claim Disallowance*, Form 2297, the period for bringing suit began to run on the date you filed the waiver.

We have enclosed Publication 5, *Your Appeal Rights and How to Prepare a Protest If You Don't Agree,* and Publication 594, *The IRS Collection Process,* if additional tax is due.

(over)

Letter 906 (Rev. 6-2000)
Catalog Number 14978B

**EXHIBIT A**

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

John J. Reiter
Acting Technical Services Territory Manager

Enclosures:
Publication 5
☐ Publication 594

Reasons for disallowance:

You have not shown you are entitled to the claimed refund; therefore, we are issuing this Notification of Claim Disallowance.

**Letter 906 (Rev. 6-2000)**
Catalog Number 14978B

**EXHIBIT A**

# Your Appeal Rights and How To Prepare a Protest If You Don't Agree



Department of the Treasury
Internal Revenue Service

www.irs.ustreas.gov

Publication 5 (Rev. 01-1999)
Catalog Number 46074I

## Introduction

This Publication tells you how to appeal your tax case if you don't agree with the Internal Revenue Service (IRS) findings.

## If You Don't Agree

If you don't agree with any or all of the IRS findings given you, you may request a meeting or a telephone conference with the supervisor of the person who issued the findings. If you still don't agree, you may appeal your case to the Appeals Office of IRS.

**If you decide to do nothing** and your case involves an examination of your income, estate, gift, and certain excise taxes or penalties, you will receive a formal Notice of Deficiency. The Notice of Deficiency allows you to go to the Tax Court and tells you the procedure to follow. If you do not go to the Tax Court, we will send you a bill for the amount due.

**If you decide to do nothing** and your case involves a trust fund recovery penalty, or certain employment tax liabilities, the IRS will send you a bill for the penalty. If you do not appeal a denial of an offer in compromise or a denial of a penalty abatement, the IRS will continue collection action.

If you don't agree, we urge you to appeal your case to the Appeals Office of IRS. The Office of Appeals can settle most differences without expensive and time-consuming court trials. [Note: Appeals can not consider your reasons for not agreeing if they don't come within the scope of the tax laws (for example, if you disagree solely on moral, religious, political, constitutional, conscientious, or similar grounds.)]

The following general rules tell you how to appeal your case.

## Appeals Within the IRS

Appeals is the administrative appeals office for the IRS. You may appeal most IRS decisions with your local Appeals Office. The Appeals Office is separate from - and independent of - the IRS Office taking the action you disagree with. The Appeals Office is the only level of administrative appeal within the IRS.

Conferences with Appeals Office personnel are held in an informal manner by correspondence, by telephone or at a personal conference. There is no need for you to have representation for an Appeals conference, but if you choose to have a representative, see the requirements under *Representation*.

If you want an Appeals conference, follow the instructions in our letter to you. Your request will be sent to the Appeals Office to arrange a conference at a convenient time and place. You or your representative should prepare to discuss all issues you don't agree with at the conference. Most differences are settled at this level.

**In most instances, you may be eligible to take your case to court if you don't reach an agreement at your Appeals conference, or if you don't want to appeal your case to the IRS Office of Appeals.** See the later section *Appeals To The Courts*.

## Protests

When you request an appeals conference, you may also need to file a formal written protest or a small case request with the office named in our letter to you. Also, see the special appeal request procedures in Publication 1660, Collection Appeal Rights, if you disagree with lien, levy, seizure, or denial or termination of an installment agreement.

## You need to file a written protest:

- In all employee plan and exempt organization cases without regard to the dollar amount at issue.
- In all partnership and S corporation cases without regard to the dollar amount at issue.
- In all other cases, unless you qualify for the small case request procedure, or other special appeal procedures such as requesting Appeals consideration of liens, levies, seizures, or installment agreements. See Publication 1660.

## How to prepare a protest:

When a protest is required, **send it within the time limit specified in the letter you received.** Include in your protest:

1) Your name and address, and a daytime telephone number,
2) A statement that you want to appeal the IRS findings to the Appeals Office,
3) A copy of the letter showing the proposed changes and findings you don't agree with (or the date and symbols from the letter),
4) The tax periods or years involved,
5) A list of the changes that you don't agree with, and why you don't agree.
6) The facts supporting your position on any issue that you don't agree with,
7) The law or authority, if any, on which you are relying.
8) You must sign the written protest, stating that it is true, under the penalties of perjury as follows:

"Under the penalties of perjury, I declare that I examined the facts stated in this protest, including any accompanying documents, and, to the best of my knowledge and belief, they are true, correct, and complete."

**If your representative prepares and signs the protest for you, he or she must substitute a declaration stating:**

1) That he or she submitted the protest and accompanying documents and
2) Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

We urge you to provide as much information as you can, as this will help us speed up your appeal. This will save you both time and money.

## Small Case Request:

If the total amount for any tax period is not more than $25,000, you may make a small case request instead of filing a formal written protest. In computing the total amount, include a proposed increase or decrease in tax (including penalties), or claimed refund. For an offer in compromise, in calculating the total amount, include total unpaid tax, penalty and interest due. For a small case request, follow the instructions in our letter to you by: sending a letter requesting Appeals consideration, indicating the changes you don't agree with, and the reasons why you don't agree.

## Representation

You may represent yourself at your appeals conference, or you may have an attorney, certified public accountant, or an individual enrolled to practice before the IRS represent you. Your representative must be qualified to practice before the IRS. If you want your representative to appear without you, you must provide a properly completed power of attorney to the IRS before the representative can receive or inspect confidential information. Form 2848, Power of Attorney and Declaration of Representative, or any other properly written power of attorney or authorization may be used for this

**EXHIBIT A**

purpose. You can get copies of Form 2848 from an IRS office, or by calling 1-800-TAX-FORM (1-800-829-3676).

You may also bring another person(s) with you to support your position.

## Appeals To The Courts

If you and Appeals don't agree on some or all of the issues after your Appeals conference, or if you skipped our appeals system, you may take your case to the United States Tax Court, the United States Court of Federal Claims, or your United States District Court, after satisfying certain procedural and jurisdictional requirements as described below under each court. (However, if you are a nonresident alien, you cannot take your case to a United States District Court.) These courts are independent judicial bodies and have no connection with the IRS.

## Tax Court

If your disagreement with the IRS is over whether you owe additional income tax, estate tax, gift tax, certain excise taxes or penalties related to these proposed liabilities, you can go to the United States Tax Court. (Other types of tax controversies, such as those involving some employment tax issues or manufacturers' excise taxes, cannot be heard by the Tax Court.) You can do this after the IRS issues a formal letter, stating the amounts that the IRS believes you owe. This letter is called a notice of deficiency. You have 90 days from the date this notice is mailed to you to file a petition with the Tax Court (or 150 days if the notice is addressed to you outside the United States). The last date to file your petition will be entered on the notice of deficiency issued to you by the IRS. If you don't file the petition within the 90-day period (or 150 days, as the case may be), we will assess the proposed liability and send you a bill. You may also have the right to take your case to the Tax Court in some other situations, for example, following collection action by the IRS in certain cases. See Publication 1660.

If you discuss your case with the IRS during the 90-day period (150-day period), the discussion will not extend the period in which you may file a petition with the Tax Court.

The court will schedule your case for trial at a location convenient to you. You may represent yourself before the Tax Court, or you may be represented by anyone permitted to practice before that court.

**Note:** If you don't choose to go to the IRS Appeals Office before going to court, normally you will have an opportunity to attempt settlement with Appeals before your trial date.

If you dispute not more than $50,000 for any one tax year, there are simplified procedures. You can get information about these procedures and other matters from the Clerk of the Tax Court, 400 Second St. NW, Washington, DC 20217.

### Frivolous Filing Penalty

**Caution:** If the Tax Court determines that your case is intended primarily to cause a delay, or that your position is frivolous or groundless, the Tax Court may award a penalty of up to $25,000 to the United States in its decision.

## District Court and Court of Federal Claims

If your claim is for a refund of any type of tax, you may take your case to your United States District Court or to the United States Court of Federal Claims. Certain types of cases, such as those involving some employment tax issues or manufacturers' excise taxes, can be heard only by these courts.

Generally, your District Court and the Court of Federal Claims hear tax cases only after you have paid the tax and filed a claim for refund with the IRS. You can get information about procedures for filing suit in either court by contacting the Clerk of your District Court or the Clerk of the Court of Federal Claims.

If you file a formal refund claim with the IRS, and we haven't responded to you on your claim within 6 months from the date you filed it, you may file suit for a refund immediately in your District Court or the Court of Federal Claims. If we send you a letter that proposes disallowing or disallows your claim, you may request Appeals review of the disallowance. If you wish to file a refund suit, you must file your suit no later than 2 years from the date of our notice of claim disallowance letter.

**Note:** Appeals review of a disallowed claim doesn't extend the 2 year period for filing suit. However, it may be extended by mutual agreement.

## Recovering Administrative and Litigation Costs

You may be able to recover your reasonable litigation and administrative costs if you are the prevailing party, and if you meet the other requirements. You must exhaust your administrative remedies within the IRS to receive reasonable litigation costs. You must not unreasonably delay the administrative or court proceedings.

Administrative costs include costs incurred on or after the date you receive the Appeals decision letter, the date of the first letter of proposed deficiency, or the date of the notice of deficiency, whichever is earliest.

### Recoverable litigation or administrative costs may include:

- Attorney fees that generally do not exceed $125 per hour. This amount will be indexed for a cost of living adjustment.
- Reasonable amounts for court costs or any administrative fees or similar charges by the IRS.
- Reasonable expenses of expert witnesses.
- Reasonable costs of studies, analyses, tests, or engineering reports that are necessary to prepare your case.

### You are the prevailing party if you meet all the following requirements:

- You substantially prevailed on the amount in controversy, or on the most significant tax issue or issues in question.
- You meet the net worth requirement. For individuals or estates, the net worth cannot exceed $2,000,000 on the date from which costs are recoverable. Charities and certain cooperatives must not have more than 500 employees on the date from which costs are recoverable. And taxpayers other than the two categories listed above must not have net worth exceeding $7,000,000 and cannot have more than 500 employees on the date from which costs are recoverable.

### You are not the prevailing party if:

- The United States establishes that its position was substantially justified. If the IRS does not follow applicable published guidance, the United States is presumed to not be substantially justified. This presumption is rebuttable. Applicable published guidance means regulations, revenue rulings, revenue procedures, information releases, notices, announcements, and, if they are issued to you, private letter rulings, technical advice memoranda and determination letters. The court will also take into account whether the Government has won or lost in the courts of appeals for other circuits on substantially similar issues, in determining if the United States is substantially justified.

### You are also the prevailing party if:

- The final judgment on your case is less than or equal to a "qualified offer" which the IRS rejected, and if you meet the net worth requirements referred to above.

A court will generally decide who is the prevailing party, but the IRS makes a final determination of liability at the administrative level. This means you may receive administrative costs from the IRS without going to court. You must file your claim for administrative costs no later than the 90th day after the final determination of tax, penalty or interest is mailed to you. The Appeals Office makes determinations for the IRS on administrative costs. A denial of administrative costs may be appealed to the Tax Court no later than the 90th day after the denial.

**EXHIBIT A**