UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. HARPER & KATHERINE M. HARPER,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Case No.:  18cv2110 DMS (LL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter comes before the Court on Defendant's motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. Plaintiffs filed an opposition to the motion and Defendant filed a reply. For the reasons discussed below, the motion is granted.

**I.**

**FACTUAL BACKGROUND**

Plaintiffs Jeffrey Harper and Katherine Harper are taxpayers, and Jeffrey Harper is the sole shareholder of all issued and outstanding stock of Harper Construction Company ("HCC"). (Compl. ¶ 1.) HCC "is a full service design builder and general contractor specializing in military design build projects." (*Id.* ¶ 7.) In 2012, Plaintiffs filed amended tax returns on behalf of HCC for tax years 2008 and 2010, claiming they were entitled to special tax credits for increasing research and development activities under Internal

1  Revenue Code § 41 ("R&D Credit").  Generally, to be entitled to the R&D Credit, research
2  must be undertaken by the taxpayer for the purpose of discovering information that is both
3  technical in nature and intended to be useful in the development of a new or improved
4  business component of the taxpayer.  Plaintiffs claimed they were entitled to such a credit
5  in the amounts of $437,632 for their 2008 taxes and $388,325 for their 2010 taxes.  (*Id.* ¶
6  20.)  The Internal Revenue Service ("IRS") reviewed Plaintiffs' claims, and denied them
7  on September 12, 2016.  (*Id.* ¶ 21.)

8  Plaintiffs contend that denial was in error, and they filed the present case to recover
9  the amounts claimed above.  In response, Defendant United States of America filed the
10 present motion.  Defendant notes HCC had not previously sought the R&D Credit in its
11 forty-plus year history.  It attributes HCC's pursuit of the credit in 2012 to its affiliation
12 with AlliantGroup, a consulting firm that markets the R&D Credit to businesses nation-
13 wide for a fee based upon a percentage of the credit obtained.  Defendant asserts the claims
14 submitted by HCC to the IRS fail to adequately set forth the grounds and facts entitling
15 Plaintiffs to any credit, and that failure deprives the Court of subject matter jurisdiction
16 over Plaintiffs' suit for refund.  For the reasons set forth below, the Court agrees with
17 Defendant and dismisses the action.

## II.
## DISCUSSION

20 Defendant argues HCC's claims for tax credits do not comply with 26 C.F.R. §
21 301.6402-2(b)(1), which deprives this Court of subject matter jurisdiction.  Title 26 U.S.C.
22 § 7422(a) states that no suit may be maintained in any court for the recovery of any internal
23 revenue tax alleged to have been erroneously assessed "until a claim for refund or credit
24 has been duly filed with the Secretary, according to the provisions of law in that regard,
25 and the regulations of the Secretary established in pursuance thereof."  The principal
26 regulation at issue here requires that a claim for refund "must set forth in detail each ground
27 upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner
28 of the exact basis thereof[.]"  Specifically, 26 C.F.R. § 301.6402-2(b)(1), provides:

2

> No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1).

Requiring the taxpayer to set forth in detail each ground upon which a special tax credit is claimed and facts sufficient to apprise the IRS of the exact basis for the credit affords the IRS "an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated." *Herrington v. United States,* 416 F.2d 1029, 1032 (10th Cir. 1969). Under the specificity requirements of the regulations, the taxpayer must provide sufficient information to the IRS, so it can "make an intelligent administrative review of the claim[.]" *Boyd v. United States,* 762 F.2d 1369, 1372 (9th Cir. 1985). The taxpayer's burden is "to bring his asserted grounds of recovery to the attention of the Service and neither the Commissioner nor his agents can be expected to ferret out possible grounds for relief which a taxpayer might assert." *Herrington,* 416 F.2d at 1032.

As stated above, compliance with the specificity requirements set out in the regulation "is a prerequisite to subject matter jurisdiction over a claim for a refund." *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999). Federal courts presume a case lies outside their limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). *See also Miller v. United States*, 784 F.2d 728, 729-30 (6th Cir. 1986) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th

///

Cir. 1977)) ("The taxpayer has the burden of establishing the existence of federal court jurisdiction."); *Choate v. United States*, 218 F.R.D. 677, 678-79 (S.D. Cal. 2003) (same).

Plaintiffs here have not met that burden. Indeed, the only evidence of the actual claims Plaintiffs submitted to the IRS was submitted by Defendants. (*See* Mot., Exs. 5, 6.) This evidence consists of two Form 1040X Attachments in which Plaintiffs state they are reporting "credit for increasing research activity" in the amount of $437,632 for the year 2008 and $388,325 for the year 2010. (*Id.*) Although these forms identified the ground for these credits, they failed to set forth facts "sufficient to apprise the Commissioner of the exact basis thereof[,]" as required by the relevant Treasury Regulation. *See* 26 C.F.R. § 301.6402-2(b)(1).

Plaintiffs rely heavily on documents they submitted to the IRS to support their argument that they complied with the necessary regulation. However, as Defendant points out, Plaintiffs submitted those documents after the IRS denied Plaintiffs' claims. (*See* Decl. of Jefferson H. Read in Supp. of Pls.' Opp'n to Mot., Exs. 2-5) (letters dated in 2017 and 2018, after Plaintiffs' claims were denied). Furthermore, Defendant correctly notes that "Plaintiffs' refund claims were based simply on their estimate of how much they increased their research activities in the years 2008 and 2010 relative to their estimate of the amount of their research activities in the years 1984-1988." (Reply Br. at 1.) Because Plaintiffs "neither identify any specific work they performed in these periods nor applied the statutory test to such work to determine whether, and what amount of, that work constituted qualified research," (*id.*), they did not provide to the IRS any factual bases for their claims for refund.

Under these circumstances, Plaintiffs have not shown the Court has subject matter jurisdiction over this case. *See Provenzano v. United States*, 123 F.Supp.2d 554, 557-59 (S.D. Cal. 2000) (dismissing tax refund action for lack of subject matter jurisdiction). A meaningful administrative review can be done only if Plaintiffs faithfully comply with the regulatory scheme. They have not done so, which deprives this Court of subject matter jurisdiction.

## III.

## CONCLUSION AND ORDER

For the reasons set out above, the Court grants Defendant's motion to dismiss Plaintiffs' Complaint.

**IT IS SO ORDERED**.

Dated: April 25, 2019

Hon. Dana M. Sabraw
United States District Judge